Henry Brown

*v.*

William Boyce, Jr.

</div>

Trover—*conversion.* Where the defendant merely assisted a neighbor in driving home some cattle he had bought, and while on the way the plaintiff's heifer got with the other cattle, the parties driving using every reasonable exertion to keep it out of the herd, and the neighbor, being unable to separate it from his other cattle, drove it home, and the defendant promises the neighbor to see the plaintiff and buy it for him: *Held,* that the defendant was not liable to the plaintiff in trover, or as a drover, and that the fact that defendant told plaintiff, when asked if he knew where the heifer was, that he did not know, could not make him guilty of a conversion.

Appeal from the Circuit Court of St. Clair county; the Hon. Joseph Gillespie, Judge, presiding.

This was an action, commenced by William Boyce, Jr., against Henry Brown, before a justice of the peace, for the

value of a heifer of the plaintiff.   The facts are fully stated in the opinion.

Messrs. C. W. & E. L. THOMAS, for the appellant.

Messrs. SNYDER & DILL, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It is sought to sustain the judgment of the circuit court on two grounds :   First, the appellant is guilty under the "Act concerning drovers ;" and, second, he is guilty of conversion of the property, and is liable in trover.

Neither ground is maintainable.   The appellant was not a drover, and was not engaged in driving cattle.   He was assisting Mr. Hart, as a neighborly act, to drive his own and some cattle he had sold him, a short distance, and while they were so engaged, the animal in controversy got among them. The herd belonged to Hart.

The evidence shows, all parties engaged in driving the cattle did everything reasonable men could to keep it out of the herd, but they were unable to do so.   They finally concluded it was best to allow it to go along with the other cattle, and the appellant was to buy it of appellee, if he could, for Hart. It got with Hart's cattle without any fault on the part of appellant, and if Hart drove it a distance of more than five miles, appellant is in no way responsible for it.

There was no conversion of the property by appellant or any one else.   He never sold it, or pretended to sell it.   When it was found to be impracticable to keep it out of the herd, he disclosed the true owner's name and offered to buy it for Hart if he could.   ᐧThis was all the connection he had with the transaction.   In hunting for his property, the appellee found it in the inclosure of Hart, and was distinctly told he could take it.   This he refused to do.

Much stress is laid on the fact, appellant, when inquired of, told appellee he did not know where the heifer was.

Appellant gives a reasonable explanation of this remark. He had lately passed Hart's pastures and did not see it with the other cattle, and could truthfully say he did not know where it was. But if he had given incorrect information, still it was not such an unlawful interference with the property of another as would amount to a conversion and render him liable in trover.

The verdict is so palpably against the evidence, we must regard it as the result of passion or prejudice, or a clear misapprehension of the testimony.

The judgment is reversed and the cause remanded.

*Judgment reversed.*